The issue presented in this case is one of first impression: Can a municipality, by adopting a zoning ordinance regulating single-family dwellings, prohibit three men with mental retardation from living in a dwelling in an area zoned for "single-family" residences, in view of the provisions of the Fair Housing Amendment Act (42 U.S.C. § 3601 et seq.) ("FHAA") relating to discrimination against persons with disabilities?
The trial court held that the dwelling that was being used as a residence by the three mentally retarded men was a "domiciliary care facility," under the definitions contained in the municipality's zoning ordinance and was not permitted in areas zoned for single-family residences. We reverse the judgment and remand the case to the trial court for further consideration in light of the recent decision of the United States Supreme Court in City of Edmonds v. Oxford House, Inc., ___ U.S. ___, 115 S.Ct. 1776, 131 L.Ed.2d 801 (1995) (holding that a municipality's failure to make reasonable accommodation for a group home of more than five unrelated recovering alcoholics and drug addicts violated the FHAA, 42 U.S.C. § 3601et seq.).
In October 1993, the Department of Mental Health and Mental Retardation entered into a contract with the defendant Association for Retarded Citizens, Inc., of Jefferson County ("ARC"), to place three men with mental retardation in a three-bedroom house located in an R-2 area, zoned for single families, in Fultondale, Alabama. The house was staffed with four full-time and four part-time aides. None of the full- or part-time staff lived on the premises; however, the residents were provided with 24-hour-a-day care, 7 days a week. The defendant ARC has the contractual responsibility for administering the house and for assisting the men with their day-to-day needs. The defendant Housing Agency for Retarded Citizens, Inc., II ("HARC"), is the legal entity that actually owns the house. Similar HARC homes have *Page 786 
been established in the cities of Homewood, Hoover, and Birmingham, and in unincorporated areas of Jefferson County. The defendants argue that all of the governmental bodies involved have recognized that the FHAA affects the application and enforcement of zoning ordinances.
The plaintiffs, Edwin Alvis Thrasher, Z. Ynema Thrasher, and the City of Fultondale, filed a complaint for a declaratory judgment and other relief, seeking to evict the three men and to prohibit their living in Fultondale in an area zoned for single families. The plaintiffs asked the court to declare that the zoning restrictions imposed by the City of Fultondale that would prohibit three unrelated persons with mental retardation from residing in a single-family area were reasonable and did not violate the provisions of the FHAA. The plaintiffs contend that the three men in question would be better suited in an area zoned to allow the residence of persons with disabilities, such as areas zoned for multi-family units, hospitals, convalescent homes, nursing homes, or sanitariums. The plaintiffs further allege that the movement of persons with disabilities into their neighborhood interfered with their use and enjoyment of their property.
ARC and HARC responded by filing an answer and a counterclaim in which each maintained that Fultondale's single-family zoning designation violates the FHAA by discriminating against persons with disabilities. In addition, the defendants argued that under the FHAA of 1988, the three men have the right to reside in an area of their choice, including areas zoned for single families.
The action was subsequently removed from the Circuit Court of Jefferson County to the United States District Court for the Northern District of Alabama, but that court, based on the plaintiffs' motion, remanded the case to the circuit court. After the case was remanded, the plaintiffs filed a motion for summary judgment, which the trial court granted. The trial court also dismissed the defendants' counterclaim sua sponte, stating in his order: "Summary judgment is granted in favor of the Plaintiffs and against the Defendants and the Court finds that the zoning ordinance of the City of Fultondale which prohibits the establishment of a 'Domiciliary Care Facility' in an area which is zoned R-1 or R-2 is a valid and enforceable zoning ordinance."
Even though the facts and legal arguments of the parties were adequately presented by the parties in their respective briefs, and in briefs filed by amici curiae,[1] this Court granted oral argument pursuant to the provisions of Rule 34, Ala.R.App.P., because the legal issue presented appeared to be one of first impression and involved an interpretation of the provisions of a federal law and its effect upon the power of a municipality to regulate the location of group homes for disabled persons in residential neighborhoods.
After considering the briefs of the parties and the briefs of amici curiae, and after considering the oral arguments of the parties, who at the time of the oral argument had the benefit of the United States Supreme Court's recent interpretation of the FHAA in City of Edmonds v. Oxford House, Inc., we conclude that the trial court erred in entering the summary judgment in favor of the plaintiffs. In City of Edmonds, the court held that a municipality's failure to make reasonable accommodation for a group home of more than five unrelated recovering alcoholics and drug addicts violated the FHAA.
The FHAA was enacted, in part, to prohibit municipalities from creating special application requirements through land-use regulations, restrictive covenants, and conditional or special-use permits that have the effect of limiting the ability of handicapped persons to reside in areas of their choice in the community.
 "The FHA, as originally enacted in 1968, prohibited discrimination based on race, color, religion, or national origin. See 82 Stat. 83. Proscription of discrimination based on sex was added in 1974. See Housing and Community Development Act of 1974, § 808(b), 88 Stat. 729. In 1988, Congress extended coverage to persons with handicaps and also prohibited 'familial *Page 787 
status' discrimination, i.e., discrimination against parents or other custodial persons domiciled with children under the age of 18. 42 U.S.C. § 3602(k)."
City of Edmonds v. Oxford House, ___ U.S. at ___,115 S.Ct. at 1779 (1995). Specifically 42 U.S.C. § 3615 states in pertinent part:
 "[A]ny law of a State, a political subdivision, or other such jurisdiction that purports to require or permit any action that would be a discriminatory housing practice under this subchapter shall to that extent be invalid."
The FHAA makes it unlawful "to discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling toany buyer or renter because of a handicap of . . . (B) a personresiding in or intending to reside in that dwelling after it isso sold, rented, or made available." 42 U.S.C. § 3604(f)(1) (emphasis added). Discrimination covered by the FHAA includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [mentally retarded] person[s] equal opportunity to use and enjoy a dwelling." § 3604(f)(3)(B).
We find that at least a genuine issue of material fact as to whether the City of Fultondale discriminated against these handicapped persons by "refus[ing] to make reasonable accommodations in [its] rules, policies, practices, or services, when such accommodations may be necessary to afford [mentally retarded] person[s] equal opportunity to use and enjoy a dwelling." § 3604(f)(3)(B).
It appears that one of the purposes of the FHAA is to "integrate people with disabilities into the mainstream of the community," H.R. Rep. No. 711, 100th Cong., 2d Sess. 18 (1988), reprinted in 1988 U.S.C.C.A.N. at 2179. Therefore, to prohibit congregate housing programs like the one in question, which provides needed support services, could be discriminatory and in violation of the intent of Congress in adopting the FHAA.
For the foregoing reasons, the judgment in favor of the City of Fultondale is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON, KENNEDY, COOK and BUTTS, JJ., concur.
[1] Pursuant to the provisions of Rule 29, Ala.R.App.P., this Court received amicus curiae briefs from the Alabama League of Municipalities and the Legal Center for People with Disabilities.